WILLIAM ZIRK, AS TRUSTEE FOR RUTH NOHR, RESPOND-
ENT, v. AUGUST A. NOHR, Jr., APPELLANT.

Argued January 22, 1941—Decided February 7, 1941.

Before Justices BODINE and PORTER.

For the appellant, *William Blohm* and *John W. Ockford.*

For the respondent, *Armstrong & Mullen (Arthur C.
Mullen).*

BODINE, J.  The plaintiff, as trustee for Ruth Nohr, a
minor child, had judgment for the arrearages due under a
written instrument under seal, whereby the defendant agreed
to pay to the plaintiff $20 a week which his then wife agreed
to accept for the maintenance and support of their child.
The parties were subsequently divorced.  The father is obliged
to support his minor child.  This duty may be enforced in
equity.  The divorce of the parents does not terminate the
duty.  Notwithstanding the agreement, if the amount fixed
was inadequate, equity would make a suitable allowance.
*Rennie* v. *Rennie,* 85 *N. J. Eq.* 1.

There is no public policy against the enforcement of an
agreement to pay a sum certain for the support of a minor
child, as counsel suggests.  The circumstance that the Court
of Chancery could enforce a like duty does not relieve the
father from the duty to perform his sealed contract.  *Emery*
v. *Neighbour,* 7 *N. J. L.* 142.  It has been held that a con-
tract to support a wife, if fair and just, will be enforced in
equity but that such agreement is unenforceable at law because
of the incapacity of the parties to contract as to that matter.

*Cohen* v. *Cohen,* 121 *N. J. Eq.* 299. There was no lack of capacity here since the father's agreement was to pay to a third party.

The judgment is affirmed.